# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. KING,<br><br>  Plaintiff,<br>v.<br><br>MANHATTAN BEACH, ET AL.,<br><br>  Defendants. | Case No. CV 18-07904 SVW (AFM)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On September 11, 2018, plaintiff, a state prisoner then confined at Los Angeles County Jail, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] On September 24, 2018, plaintiff filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983.[2] (ECF No. 6.) Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 26.) On November 2, 2018, Plaintiff filed another document entitled "First Amended Complaint," which the Court ordered to be docketed as the Second

---

[1] Plaintiff is currently incarcerated at Wasco State Prison. (ECF No. 15.)

[2] On October 12, 2018, plaintiff filed a motion to disqualify the Magistrate Judge, and all matters were stayed pending the District Judge's determination of the motion. (ECF Nos. 9, 13.) Plaintiff's motion to disqualify the Magistrate Judge was denied by the District Judge on January 2, 2019. (ECF No. 21.)

Amended Complaint ("SAC"). (ECF No. 25.) The SAC names as defendants "City of Manhatten [sic] Beach" and "Does 1-4." Doe 1 is the "Chief of the Manhatten Beach Police Department." Doe 2 is the "supervising officer of 'John Doe No. 3' and 'John Doe No. 4.'" Does 3 and 4 are "[p]olice [o]fficers for the City of Manhatten [sic] Beach."[3] (*Id.* at 2-4.) Does 1-4 are sued in their individual capacities. (*Id.*)

Plaintiff's claims arise from his arrest at Fry's Electronics store on July 18, 2018, for which he was booked at the Manhattan Beach police station for shoplifting and resisting arrest, and released. (*Id.* at 4, 10.) He sues defendants City of Manhattan Beach and Does 1-4 for false arrest/false imprisonment for misdemeanor shoplifting not committed in arresting officers' presence pursuant to 42 U.S.C. § 1983 (*id.* at 4), and he sues defendant City of Manhattan Beach for false imprisonment under the California Tort Claims Act (*id.* at 13-14). Plaintiff seeks monetary damages. (*Id.* at 11-14.)

The Court has screened the SAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In

---

[3] The Court assumes that plaintiff meant "Manhattan," not "Manhatten," in all references in the SAC.

determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.").

Following careful review of the SAC, the Court finds that plaintiff's allegations appear insufficient to state a claim on which relief may be granted. Accordingly, the SAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[4]

///
///

---

[4] Plaintiff is advised that this Court's determination herein that the allegations in the SAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

4

# DISCUSSION

## A. Claims arising from plaintiff's arrest

Plaintiff alleges that he was falsely arrested or imprisoned, but it is not clear if he was convicted of shoplifting and resisting arrest. To the extent that plaintiff is seeking damages for an allegedly unlawful conviction, his claims are not cognizable in a civil rights action unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005).

## B. Failure to state a claim

Plaintiff's SAC fails to state a claim under § 1983. Plaintiff's SAC fails to set forth any factual allegations that a specific defendant took any specific action, participated in another's action, or omitted to perform an action that he or she was legally obligated to take that *caused* a constitutional deprivation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citation omitted). Additionally, to state a § 1983 claim against a particular defendant, plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff purports to allege a claim pursuant to § 1983 for "14th Amendment State-Created Due Process Liberty Interest in being free from Warrantless Arrest for Misdemeanor Offense not committed in police officers' presence." (ECF No. 25 , at 2.) Plaintiff also alleges a claim for false arrest/false imprisonment for arrest of the plaintiff for misdemeanor shoplifting not committed in arresting officers' presence. (*Id.* at 13-14.) In essence, he claims that the basis for his § 1983 civil rights action is his arrest in violation of state law. An alleged violation of state law, however, is not

relevant to plaintiff's constitutional claim and does not state a cause of action under § 1983. *See Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990) ("The requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment.") (citing *Street v. Surdyka*, 492 F.2d 368, 371-72 (4th Cir. 1974) (cited in *Welsh v. Wisconsin*, 466 U.S. 740, 756 (J. White dissenting) (1984)); *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1349 (7th Cir. 1985) (noting that an alleged violation of a state statute does not give rise to section 1983 action). To the extent plaintiff also challenges his arrest under the Fourteenth Amendment, he fails to state a claim. There is no Fourteenth Amendment due process violation based on a § 1983 claim for false arrest. *See Albright v. Oliver*, 510 U.S. 266, 272-75 (1994) (holding that the Fourth Amendment, rather than substantive due process, governs claims for false arrest brought pursuant to § 1983).

Accordingly, the Court finds that the SAC fails to allege a federal constitutional violation sufficient to sustain a § 1983 action.

**C.   Claims against the City of Manhattan Beach and the Chief of Manhattan Beach Police**

Plaintiff's SAC alleges that the City of Manhattan Beach and the Chief of Manhattan Beach Police (Doe 1) failed to train Doe defendants "that it is unlawful to effectuate a warrantless arrest for a misdemeanor not committed in their presence." (ECF No. 25 at 2, 3.) The SAC further alleges that the City's policies are "so deficient that they represent direct repudiation of the right to be free from warrantless arrests for misdemeanors not committed in police presence." (*Id.* at 3.)

To raise a federal civil rights claim against a local government entity such as a city, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("[L]ocal governments are responsible only for their own illegal acts."). To state a § 1983 claim against a city, plaintiff must sufficiently allege that (1) he was deprived of his constitutional rights by the city and its employees acting under color of state law; (2) the city has customs or policies which amount to deliberate indifference to plaintiff's constitutional rights; and (3) these policies were the moving force behind the constitutional violations. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001), *impliedly overruled on other grounds as discussed in Gallardo v. Dicarlo*, 203 F. Supp. 2d 1160, 1162 n.2 (C.D. Cal. 2002), (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1473 (9th Cir. 1992), quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)). Liability against a local government entity arising from an improper custom or policy may not be premised on an isolated incident such as plaintiff's allegations in the SAC. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & Cty. of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).

To state a claim against a supervisor for failure to train, plaintiff must allege that the subordinate training was inadequate, the supervisor's failure to train amounts to deliberate indifference to the rights of persons with whom the employees are likely to come into contact, the inadequate training actually caused the constitutional violation, and the violation would not have occurred had the employees been properly

trained. *See Canell v. Lightner*, 143 F.3d 1210, 1213-14 (9th Cir. 1998) (citing *City of Canton*, 489 U.S. at 388-91); *Lee*, 250 F.3d at 681.

Here, the SAC fails to set forth any factual allegations that a specific custom or policy promulgated by the city amounts to deliberate indifference to plaintiff's constitutional rights and that this custom or policy was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, the SAC fails to set forth any factual allegations that subordinates were inadequately trained, the Chief of Manhattan Beach Police's failure to train amounts to deliberate indifference, the inadequate training actually caused a constitutional violation, and the violation would not have occurred had there been proper training. *See Canell*, 143 F.3d at 1213-14.

Accordingly, the Court finds that plaintiff's SAC fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that the City of Manhattan Beach or the Chief of Manhattan Beach Police is liable for an alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The Third Amended Complaint should bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the FAC, the SAC, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space

provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 2/25/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE